239 So.2d 776

James E. KEARLEY

v.

PETERMAN LUMBER COMPANY.

I Div. 28.

Court of Civil Appeals of Alabama.

Sept. 30, 1970.

John M. Coxwell, Monroeville, for appellant.

WRIGHT, Judge.

Appellant filed his complaint for Workmen's Compensation against appellee, Peterman Lumber Company and another

defendant on the 23rd of December 1968. The second defendant, Lawrence Warehouse Company, and appellant entered into an agreed settlement of the claim against it and judgment was entered thereon on February 4, 1969. Issue between appellant and appellee was joined by answer. Trial was held and judgment entered by the court against appellant-claimant on April 21, 1970.

Petition for Writ of Certiorari was filed by appellant with the Supreme Court, which petition was granted and the writ ordered issued on May 20, 1970. The consideration of the writ was transferred to this Court under authority of Act 987, Regular Session of the Legislature. Submission was September 22, 1970.

The only assignment of error argued in brief, and thus presented for our consideration (Rule 9, Supreme Court Rules), is that there was no finding of fact in the judgment to sustain it as a valid judgment under the Workmen's Compensation Act.

Procedure in disputed claims or suits arising under the Workmen's Compensation Act is set out in Title 26, Section 304, Code of Alabama 1940, Recompiled 1958, and must be complied with. The part of that section pertinent to the matter here being considered is as follows:

" * * * At the hearing or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, *and shall contain a statement of the law and facts and conclusions as determined by said judge.* * * *" (Emphasis ours.)

It has been repeatedly held by the Supreme Court of this state that if a judgment entered in a Workmen's Compensation case does not contain a finding of fact and law and the conclusion of the court, the matter must be reversed. It matters not whether the judgment is in favor of the employer or employee. Bass v. Cowkiee Mills, 257 Ala. 280, 58 So.2d 589; Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664; Pinkney v. James B. Clow & Sons, 277 Ala. 648, 173 So.2d 811.

The purpose of the requirement for the filing of a finding of fact and law with or in the judgment, is clear when it is considered that the only method for review of the proceedings below is by writ of certiorari as provided by Section 297 of the Workmen's Compensation Act. Such method of review would be worthless without the findings and conclusions of the trial court as to the facts and the law. Calvert v. Funderburg, supra.

The judgment appears verbatim as follows:

### "DECREE

"This day came the parties and by their attorneys and issue being joined between the parties and after hearing the evidence, the Court being of the opinion and it is the judgment of the Court that the petitioner is not entitled to compensation against the defendant, Peterman Lumber Company.

"It is therefore, Considered, Ordered and Adjudged by the Court that the petitioner is not entitled to recover Workmen's Compensation against the defendant, Peterman Lumber Company and the said Peterman Lumber Company be and it is hereby discharged.

"It is further Ordered and Decreed that the petitioner pay the cost in this cause for which let execution issue.

"Done this 21st day of April, 1970.

"R. E. L. Key
"Circuit Judge"

The judgment contains no statement of the law and facts and conclusions of the judge and cannot be sustained. Therefore the case must be reversed.

Reversed and remanded.