This is a workmen's compensation case.
The trial judge rendered the following judgment, which is attacked by the plaintiff employee as being inadequate in that there is no statement of law, facts and conclusions as is required by the Code of Alabama 1975, § 25-5-88:
 This case is submitted on the pleadings, testimony of the Plaintiff taken ore tenus, the exhibits admitted as evidence, and the depositions admitted as evidence.
 Upon consideration thereof, the Court is of the opinion and finds, and it is ORDERED that judgment be for the Defendant.
 It is further ORDERED that the costs of this action be taxed against Plaintiff for which let execution issue.
 The following excerpt from Henderson v. Johnson, 49 Ala. App. 191, 269 So.2d 905 (1972) is dispositive of the present case:
 As to issue number one petitioner argues in brief that there was a complete omission in the trial court's order of a statement of the law, facts and conclusions upon which the court's judgment is based as required by Section 304, supra [Title 26, § 304, Code of Alabama 1940]. The pertinent portion of Section 304 is as follows:
 ". . . This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge. . . ."
 The decisions of the Supreme Court and this court are as one to the effect that a complete failure to abide by the above cited requirements of Section 304 requires a reversal of the case. Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228; Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589; Kearley v. Peterman Lumber Co., 46 Ala. App. 204, 239 So.2d 776; Dale Motels, Inc. v. Crittenden, 49 Ala. App. 51, 268 So.2d 834.
 The following judgment in Bass v. Cowikee Mills, supra, is an example of a complete omission of a ". . . statement of the law and facts and conclusions as determined by said judge":
 "`After hearing the evidence, the Court being of the opinion, it is considered and ordered by the Court that the plaintiff is not entitled to compensation under the facts in this case, and, therefore, judgment is hereby rendered by the Court in favor of the defendant and against the plaintiff.'"
 Likewise in Kearley v. Peterman Lumber Co., supra, the judgment, which is as follows, was, according to this court, totally devoid of a finding of fact and conclusion of law:
"`DECREE
 "`This day came the parties and by their attorneys and issue being joined between *Page 144 
the parties and after hearing the evidence, the Court being of the opinion and it is the judgment of the Court that the petitioner is not entitled to compensation against the defendant, Peterman Lumber Company.
 "`It is therefore, Considered, Ordered and Adjudged by the Court that the petitioner is not entitled to recover Workmen's Compensation against the defendant, Peterman Lumber Company and the said Peterman Lumber Company be and it is hereby discharged.
 "`It is further Ordered and Decreed that the petitioner pay the cost in this cause for which let execution issue.'"
We cannot distinguish this judgment from other judgments which were adjudged to be in noncompliance with the statutory requirements as to workmen's compensation judgments. Therefore this case must be reversed and remanded to the circuit court.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.