This is a workmen's compensation case.
The trial court rendered the following judgment on April 17, 1986:
 "The above-styled cause was tried before the Court on the Plaintiff's complaint for workmen's compensation benefits. The Court has considered the evidence and testimony and the written argument presented to the Court. The Court finds the issues herein in favor of the Defendant, Springs Industries, Inc. Costs are taxed to the Plaintiff."
The employee filed a Rule 59, A.R.Civ.P., motion on May 16, 1986, with one of the grounds therein being that the judgment failed to contain a statement of the law, the facts, and a conclusion as are required by § 25-5-88, Code 1975. Since the trial court did not rule upon that motion within ninety days from its filing, the employee's motion was overruled as of August 14, 1986, by operation of Rule 59.1. On September 11, 1986, the trial court filed an additional judgment in favor of the employer. The employee timely appealed.
It is required by § 25-5-88 that a workmen's compensation final judgment shall contain a statement of the law and facts and conclusions as are determined by the trial court. The April 17, 1986, judgment totally failed to abide by those requirements and precedent dictates that we must reverse this case for that reason. Dennis v. Gamble's, Inc., 389 So.2d 142
(Ala.Civ.App. 1980), and cases cited therein.
The trial court was without any authority, without subject matter jurisdiction, to render any valid judgment arising out of the employee's Rule 59 motion after it was overruled on August 14, 1986, by operation of Rule 59.1. The trial court's judgment as entered on September 11, 1986, was void, a nullity, and had no force or effect. Leathers v. Gover, 447 So.2d 810
(Ala.Civ.App. 1984), and cases cited therein. Consequently, that September 11, 1986, judgment cannot be considered by us.
Accordingly, we reverse and remand this case. On remand, the learned trial court shall set aside its judgments in this case of April 17, 1986, and September 11, 1986, and the trial court shall render and enter a judgment which fully complies with § 25-5-88 by containing the required statement of the law, facts, and conclusions as shall be determined by the trial court from the issues, evidence, exhibits, depositions, admissions, stipulations, and other valid evidentiary matters which were before the trial court upon the original submission of this case.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 855 
this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.