In this workmen's compensation case the employee seeks a review of the following judgment which was rendered and entered by the trial court on May 6, 1988:
 "This being date heretofore set for hearing. All parties present represented by counsel. Evidence presented to court. Upon consideration of evidence, this court finds the issues in favor of the Def. Therefore be it ordered, adjudged and decreed that judgment be entered in favor of the Defendant. Cost assessed against Pl."
A final judgment in a workmen's compensation case must contain a statement of the law, the facts, and the conclusions as are determined by the trial court. Code of Ala. (1975), § 25-5-88. We are required to reverse this case since the above judgment totally omits a finding of facts as is mandated by the statute. Wallace v. Springs Industries, Inc., 503 So.2d 853
(Ala.Civ.App. 1987); Dennis v. Gamble's, Inc., 389 So.2d 142
(Ala.Civ.App. 1980), and cases cited therein. On remand, the learned trial court shall set aside its May 6, 1988 judgment in this cause and shall enter a final judgment which fully complies with section 25-5-88 "by containing the required statement of the law, facts, and conclusions as shall be determined by the trial court from the issues, evidence, exhibits, depositions, admissions, stipulations, and other valid evidentiary matters which were before the trial court upon the original submission of this case." Wallace,503 So.2d at 854.
As to the other issue which was raised by the employee, there was legal evidence to support a holding in favor of the employee. Consequently, this court will not review technical questions concerning the trial court's rulings upon the admission of evidence. Leaseway Transportation Corp. v.Burgett, 500 So.2d 1091 (Ala.Civ.App. 1986); Young v. City ofHuntsville, 342 So.2d 918, 924 (Ala.Civ.App. 1976), cert.denied, 342 So.2d 924 (Ala. 1977).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 80