553 So.2d 550 (1989)
James A. FARMER
v.
D.C. JACKSON.
D.C. JACKSON
v.
James A. FARMER.
88-585, 88-902.
Supreme Court of Alabama.
September 15, 1989.
As Modified on Denial of Rehearing November 9, 1989.
*551 Kenneth W. Quattlebaum of Brogden & Quattlebaum, Ozark, for appellant/cross-appellee.
James R. Fuqua of Fuqua & Kominos, Ozark, for appellee/cross-appellant.
SHORES, Justice.
D.C. Jackson filed a complaint against James A. Farmer on June 15, 1987, seeking the redemption of land sold for taxes to Farmer at a tax sale. On November 30, 1987, Jackson filed a motion for summary judgment as to Count I of the complaint, which was granted on August 24, 1988.[1] On September 23, 1988, Farmer filed a motion to set aside the summary judgment. Farmer filed a notice of appeal (No. 88-585) on February 15, 1989. What happened between September 23 and February 15 is the subject of this opinion. On March 28, 1989, Jackson filed a motion with this Court to dismiss Farmer's appeal, contending that Farmer's motion to set aside the summary judgment had been denied on December 22, 1988, by operation of law under A.R.Civ.P. 59.1; that the 42-day limit on filing a notice of appeal had expired on February 2, 1989; and that consequently the February 15, 1989, notice of appeal was not timely filed.
We consider here the question of whether Jackson's motion to dismiss Farmer's appeal as untimely under A.R.App.P. 4 is due to be granted.
The case is complicated by the fact that on the same day Jackson filed his motion to dismiss Farmer's appeal with this Court, Farmer filed with the trial court a motion to correct or modify the record on appeal pursuant to A.R.App.P. 10(f). This motion was granted by the trial court on April 5, 1989. The granting of the motion to modify the record was an attempt to change the previous orders of the trial court in such a way as to make an untimely appeal appear to be timely. Jackson has filed a notice of appeal (No. 88-902) from this ruling of the trial court.
The following is a chronology of the case:
June 15, 1987 D.C. Jackson files complaint for
 redemption of land, against James
 A. Farmer.
June 24, 1987 Farmer files motion to dismiss.
August 11, 1987 Jackson files amendment to complaint,
 adding Count II action to quiet title
 and Count III action for ejectment.
November 30, 1987 Jackson files motion for summary
 judgment as to Count I.
August 24, 1988 Trial court grants Jackson's motion
 for summary judgment.
September 23, 1988 Farmer files motion to set aside
 summary judgment.
December 19, 1988 Date set for hearing on Farmer's
 motion to set aside summary judgment.
 Trial court granted "motion
 for reconsideration" and reset
 the hearing for January 6, 1989.
 No document styled "motion for
 reconsideration" had been filed on
 the record by either party. Counsel
 for Jackson objected as follows:
 "Judge, I would like for the
 record to reflect that I object to
 the setting of a hearing set at the
 request of the Defendant in this
 case and we contend that the 90
 day rule of automatic denial of
 this motion is effective and that
 the Defendant is not entitled to a
 hearing and the taking of testimony
 and further evidence at a later
 date." Thus, the plaintiff refused
 to waive the operation of A.R.
 Civ.P. 59.1.
December 22, 1988 This was the 90th day from the
 date defendant/appellee Farmer
 filed his motion to set aside the
 summary judgment.
January 6, 1989 Hearing on Farmer's motion to set
 aside summary judgment, which
 was denied by the trial court.
February 2, 1989 This was the 42d day after December
 22, 1988.
February 15, 1989 Farmer filed notice of appeal (No.
 88-585) (40 days after January 6).
March 28, 1989 Jackson files motion to dismiss
 Farmer's appeal as untimely under
 Rule 4, A.R.App.P. Farmer files
 motion to correct or modify the
 record on appeal with the trial
 court.
April 5, 1989 Trial court grants Farmer's motion
 to correct or modify the record
 on appeal.
*552
April 13, 1989 Jackson files notice of appeal (No.
 88-902) to Supreme Court from
 the granting of the motion to correct
 or modify the record on appeal.
The granting of the motion to correct or modify the record by the trial judge had the effect of "saving" the appeal in that the order of the trial judge of April 5, 1989, changed the chronology of the case as follows:
December 22, 1988 "That the record shall be amended
 to show that page R-3 of the
 record should read as follows:
 "The motion to Set Aside Summary
 Judgment is granted.'" (This was
 90 days from the date the defendant
 filed his motion to set aside
 summary judgment.)
January 6, 1989 "That the record shall be amended
 to show that the purpose of the
 January 6, 1989, hearing was to
 determine whether or not this
 Court would set aside the Defendant's
 previously granted motion
 to set aside summary judgment or
 grant the plaintiff's motion for
 summary judgment," and "That the
 record shall be amended to show
 that on January 6, 1989, Plaintiff's
 motion for summary judgment was granted."
February 15, 1989 Defendant Farmer files notice of
 appeal.
February 17, 1989 This was the 42d day after January
 6, 1989.
Rule 59.1 of the Alabama Rules of Civil Procedure provides as follows:
"No post-judgment motion filed pursuant to Rules 50, 52, 55 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of an pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration period."
There are only two methods listed in Rule 59.1 for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, or (2) the grant of an extension of time by an appellate court. A trial court, by issuing an order agreeing to "reconsider" its earlier decision, does not extend the 90-day period, nor will a trial court's decision to rehear the matter be considered a disposition of the post-judgment motion within the meaning of Rule 59.1. The merits of the post-judgment motion must be ruled on within the 90-day period in order to avoid the denial mandated by Rule 59.1.
In the instant action, neither method of extending the 90-day period occurred. Counsel for Jackson made his objection on the record, and no motion was made to the appellate court to extend the time period. Therefore, the post-judgment motion was overruled by operation of law on December 22, 1988, and the final day for filing a notice of appeal was February 2, 1989. Accordingly, the notice of appeal which was filed on February 15, 1989, was too late and the appeal is due to be dismissed.
Ala.R.App.P. 10(f) provides as follows:
"(f) Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court."
This rule was designed to provide a vehicle for correcting the record on appeal to reflect what actually occurred in the trial court. It was not designed to provide a procedure for substituting one judgment for another, as was done here. The record shows that at the hearing on January 6, 1989, the following transpired:
"THE COURT: We're here on the Motion to set aside the Summary Judgment *553 previously granted on 8-24-88. I understand from a record standpoint you want to take some testimony?
"MR. FUQUA: Yes sir.
"MR. QUATTLEBAUM: Judge, before we get started I would like to renew my objection to the taking of oral testimony in support of his motion on two grounds. First of all, the case has already been submitted to the court on motion for summary judgment, on argument, affidavits, depositions and briefs, if either party so desired to submit them. And the rules provide that material filed after submission of the motion should not be considered and that the rule only provides for consideration of written documents. And I'd like to offer this to the court in support of that at this time.
"THE COURT: What I'm going to do at this time is I'm going to take this as a motion to set aside the motion for summary judgment and I'm going to allow oral testimony. Of course whether or not this is correct under the Rules, I'm going to make a decision on afterward you go ahead and take the testimony, as to whether or not it will be allowed [sic]."
Thereafter counsel for Farmer called two witnesses, Probate Judge William J. Snellgrove and Chief Probate Clerk Eunice Hagler.
We have examined the record that the trial judge modified in his order of April 5, 1989. We find that the record was not "made to conform to the truth" by the trial court's order. Rather, the trial court attempted to change its order of December 22, 1988 (which originally set the post-judgment motion before it for a hearing beyond 90 days from its filing, over the plaintiff's objection), to an order granting that motion. In other words, the trial court attempted to completely change the substance of prior orders by the use of A.R. App.P. 10(f). This it cannot do. Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala.1986).
For the above-stated reasons, Jackson's motion to dismiss Farmer's appeal (No. 88-585) is due to be granted, and his own appeal (No. 88-902) is due to be dismissed as moot.
88-585 DISMISSED.
88-902 DISMISSED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON and KENNEDY, JJ., concur.
STEAGALL, J., concurs in the result.
STEAGALL, Justice (concurring in the result).
For important policy reasons, the Supreme Court's advisory committee recommended, and this Court adopted, Rule 59.1, A.R.Civ.P., to cure what was perceived to be a serious problem, i.e., a trial court's occasional failure to timely rule on post-judgment motions. Our caselaw has strictly applied the 90-day provision of Rule 59.1. As is the case with any "rule," individual hardships may occur, but they are necessary for fulfilling the higher policy concerns. While I concur in the result of this case, I recognize and understand the additional time pressures imposed when a judge serves in a multi-county circuit.

ON APPLICATION FOR REHEARING
SHORES, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON and KENNEDY, JJ., concur.
STEAGALL, J., concurs in the result.
NOTES
[1] The holding in this case is also dispositive of Counts II and III. See Taylor v. Taylor, 398 So.2d 267 (Ala.1981).