ROBERTSON, Presiding Judge.
This is an appeal from the trial court’s dismissal of Otis Randy Curry’s claim for workmen’s compensation benefits.
On appeal, Curry asserts by brief that the judgment entered by the trial court is inadequate in that it contains no statement of law, findings of fact, or conclusions of law as required by § 25-5-88, Code 1975. The employer, appellee, chose not to file a brief.
The trial court’s judgment is as follows:
“This cause being regularly set and coming on to be heard, the parties being personally present and represented by their attorneys of record, the Court proceeded to hear the evidence.
“The Plaintiff claims benefits under the Workmen’s Compensation Laws of the State of Alabama. The Court is not reasonably satisfied that the Plaintiff proved that he was an employee within the coverage of the Alabama Workmen’s Compensation Act.
“It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff’s claim for workmens’ compensation benefits is overruled and denied and this cause is hereby dismissed with any unpaid costs taxed to the party at whose instance said costs were incurred, for the collection of which let execution issue.”
Pursuant to § 25-5-88, Code 1975, a final judgment in workmen’s compensation cases must contain a statement of the law, the facts, and the conclusions of law as determined by the trial court. Morton v. Blue Bell, Inc., 540 So.2d 79 (Ala.Civ.App.1989).
Numerous decisions exist which hold that a failure to abide by the requirements of the statute mandates reversal. Morton, supra; Wallace v. Springs Industries, Inc., 503 So.2d 853 (Ala.Civ.App.1987); Dennis v. Gamble’s, Inc., 389 So.2d 142 (Ala.Civ.App.1980); Henderson v. Johnson, 49 Ala.App. 191, 269 So.2d 905 (Civ.App.1972); Kearley v. Peterman Lumber Co., 46 Ala.App. 204, 239 So.2d 776 (Civ.App.1970); Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589 (1952).
We find that the trial court’s order in this case also mandates reversal in that it fails to comply with § 25-5-88, Code 1975.
Accordingly, we reverse and remand for the trial court to set aside its judgment of October 15, 1990, and for the trial court to render and enter a judgment which contains the required statement of the law, facts, and conclusions as determined by the trial court in full compliance with § 25-5-88, Code 1975. Wallace, supra.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.