This is a workmen's compensation case.
The employer, Lee Apparel Company, Inc. (Lee), appeals from the following judgment entered by the trial court:
 "This cause having come before me for trial on Tuesday, April 28, 1992 and having heard testimony in open Court, and having considered the same along with all other evidence submitted by the parties, and based upon the stipulations of the parties that the only issue in this cause is whether [Hart's] injury sustained on April 7, 1991 was related to and caused by an injury [Hart] sustained while an employee of [Lee] on the 16th day of March, 1990, finds that the injury sustained on the 7th day of April, 1991 was in fact related to and caused by the injury sustained by [Hart] while an employee of [Lee] on March 16, 1990.
 "WHEREFORE it is hereby ORDERED, DECREED AND ADJUDGED as follows:
 "1. That [Lee] shall be and hereby is responsible for payment of all medical expenses for, or related to the aforementioned back injury for [Hart's] lifetime.
 "2. [Hart] is not entitled to any back Temporary Total Disability benefits other than those previously paid.
 "3. [Hart] shall be entitled to future Temporary Total Disability benefits from [Lee] as required by Statute should [Hart] become unable to work as a result of the aforementioned injury.
 "4. [Hart] shall be entitled to Permanent Partial Disability benefits from [Lee] as provided by Statute should [Hart's] aforementioned injury result in a Permanent Partial Disability.
 "5. [Hart's] attorneys are entitled to an attorney's fee of Fifteen Percent (15%) of any award or lump sum settlement for Permanent Partial Disability as provided by Statute.
 "6. The costs of this litigation are assessed against [Lee]."
The law is clear that a final judgment in a workmen's compensation case must contain a statement of the law, the facts, and the conclusions of law as determined by the trial court. Ala. Code 1975, § 25-5-88, Curry v. Interstate Express,Inc., 582 So.2d 565 (Ala.Civ.App. 1991). It is well settled that failure to abide by the requirements of the statute mandates reversal. See Curry, supra; Morton v. Blue Bell, Inc.,540 So.2d 79 (Ala.Civ.App. 1989); Wallace v. SpringsIndustries, Inc., 503 So.2d 853 (Ala.Civ.App. 1987); Dennis v.Gamble's, Inc., 389 So.2d 142 (Ala.Civ.App. 1980), and the numerous cases cited therein and subsequently.
Although substantial compliance with Ala. Code 1975, §25-5-88, has been deemed *Page 331 
sufficient, Littleton v. Gold Kist, Inc., 480 So.2d 1236
(Ala.Civ.App. 1985), the judgment in the instant case fails to comply partially or substantially. "Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error." Dale Motels, Inc. v. Crittenden,49 Ala. App. 51, 55, 268 So.2d 834, 837 (Ala.Civ.App. 1972).
The judgment in the instant case cannot be distinguished from other judgments which were adjudged to be in noncompliance with the statutory requirements. The order is not one wherein the trial court merely exercised judicial economy by retaining jurisdiction over the case. See Ex parte DCH Regional MedicalCenter, 571 So.2d 1162 (Ala.Civ.App. 1990). At best, the trial court here awarded Hart indeterminate benefits at an indeterminate future time upon the happening of an indeterminate event. The judgment simply provides this court with nothing to review on appeal and must be reversed for the trial court to enter an order which complies with the statutory mandate.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.