THIGPEN, Judge.
This is a workmen’s compensation case. In February 1993, Robert R. Prince filed a complaint for workmen’s compensation benefits [1] against his employer, Saginaw Division-General Motors Corporation (Saginaw). He alleged that he suffered injuries to his neck, back, shoulders, and legs while acting in the line and scope of his employment on August 16, 1991. In its amended answer, Saginaw contended that Prince had fraudulently misrepresented his prior health conditions, specifically that he had a prior injury or injuries to his back that he had not disclosed. Saginaw counterclaimed for reimbursement for compensation and medical benefits paid on Prince’s behalf. Following ore tenus proceedings, the trial court ruled for Saginaw on Prince’s claim, and it ruled for Prince on Saginaw’s counterclaim. Prince appeals.
Prince raises two issues on appeal; however, the dispositive issue is whether the trial court’s order complies with Ala.Code 1975, § 25-5-88, which provides, in pertinent part, that a workmen’s compensation judgment “shall contain a statement of the law and facts and conclusions as determined by [the] judge.” In the case sub judice the trial court entered the following judgment:
“After a hearing, at which both parties were represented by their attorneys, and upon consideration of the evidence, judgment is hereby entered on behalf of the defendant with regard to the claim by the plaintiff and judgment is hereby entered on behalf of the plaintiff with regard to the counter-claim of the defendant. Costs are prepaid.”
In Wallace v. Springs Industries, Inc., 503 So.2d 853, 854 (Ala.Civ.App.1987), the trial court entered the following judgment:
“The above-styled cause was tried before the Court on the Plaintiffs complaint for workmen’s compensation benefits. The Court has considered the evidence and testimony and the written argument presented to the Court. The Court finds the issues herein in favor of the Defendant, Springs Industries, Inc. Costs are taxed to the Plaintiff.”
This court held that the above judgment “totally failed” to comply with the statutory *746 requirements. Wallace at 854. Likewise, the judgment in the case sub judice totally fails to comply with the statutory requirements. Therefore, we must reverse the judgment and remand the cause for the trial court to enter a judgment that complies with Ala.Code 1975, § 25-5-88.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.