ROBERTSON, Presiding Judge
Alabama Electric Company, Inc. (“the employer”), appeals from a judgment awarding workmen’s compensation benefits to Talmadge C. Dobbins (“the employee”) based upon an on-the-job injury. Because we conclude that the employer’s notice of appeal was not timely filed, we dismiss the appeal for lack of jurisdiction.
On May 6, 1993, the employee filed a complaint in the DeKalb County Circuit Court seeking workmen’s compensation benefits from the employer with respect to an injury that had occurred on May 9, *929 19991. The case was subsequently transferred to the Russell County Circuit Court, and the case was submitted to that court for a decision on November 12, 1997, based upon the parties’ briefs and the deposition testimony of the parties and witnesses. The employee died oh November 16, 1997. On March 26, 1998, the trial court entered the following judgment:
“This cause is before the court on Complaint for Workmen’s Compensation Benefits. The court having considered briefs and exhibits submitted by the parties in this cause, it is Ordered that judgment is rendered in favor of [the employee] and against the [employer] in the amount of $81,114.54 together with the cost herein.”
On April 28, 1998, the employer filed a timely (see Rule 6(a), Ala.R.Civ.P.) post-judgment motion pursuant to Rule 59, Ala. R.Civ.P., challenging, among other things, the sufficiency of the trial court’s judgment pursuant to $ 25-5-88, Ala. Code 1975. That Code section provides that a judgment in an action seeking benefits under the Workmen’s Compensation Act (now the Workers’ Compensation Act) “shall contain a statement of the law and facts and conclusions as determined by [the circuit court] judge.” The employer also filed a suggestion of the employee’s death, and contended that his death affected the compensation claim.
The trial court held a hearing on the employer’s postjudgment motion on June 23, 1998, at which time the trial court indicated that it would accept proposed amend judgments from both counsel for the employer and from the attorney who had represented the employee at trial. However, the trial court did not expressly act upon the postjudgment motion, either to grant it or deny it, on or before July 27, 1998, the 90th day after its filing. See Rule 59.1, Ala.R.Civ.P.
On August 31, 1998, the trial court purported to enter an amended judgment containing findings of fact and conclusions of law. The employer filed a motion challenging this judgment; however, that motion was denied. The employer’s notice of appeal was filed on December 29, 1998.
Trial counsel for the employee has filed a brief in this court, contending that the employer’s appeal is untimely and must be dismissed. In response, the employer contends that the trial court’s March 26, 1998, judgment was not “final.” We note that “[a]n appeal ordinarily lies only from ... a final judgment,” Grubbs v. Grubbs, 729 So.2d 346, 347 (Ala.Civ.App.1998), and that “a Rule 59 motion may be made only in reference to a final judgment or order.” Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999).
It is true that the trial court’s March 26, 1998, judgment did not contain findings of fact and conclusions of law as required by § 25-5-88, Ala.Code 1975, and that the judgment was subject to correction by the trial court on a proper post-judgment motion (see Bowers v. Cotton Bayou Condominiums, 699 So.2d 166 (Ala.Civ.App.1997)). Moreover, this court will reverse such a deficient judgment on a timely appeal (see, e.g., Curry v. Interstate Express, Inc., 582 So.2d 565 (Ala.Civ.App.1991)). However, because the March 26, 1998, judgment determined the employer’s liability under the Workmen’s Compensation Act based upon the employee’s 1991 injury (although it did not do so in a manner consistent with § 25-5-88), that judgment was a “final judgment,” as evidenced by Curry and numerous other cases wherein this court has reversed such defective judgments for noncompliance with § 25-5-88 rather than dismissing the appeals ex mero motu as not having been taken from final judgments. E.g., Morton v. Blue Bell, Inc., 540 So.2d 79 (Ala.Civ.App.1989); Nonuood v. James River Corp., 655 So.2d 1047 (Ala.Civ.App.1995). Stated differently, a judgment that does not comply with § 25-5-88 is substantively defective, but that defect does not constitute a bar to the finality of that judgment, nor to the procedural remedy of post- *930 judgment or appellate review of that judgment. We thus reject the employer’s contention that the March 26, 1998, judgment was not final.
Subject to certain exceptions not here applicable, Rule 4(a)(1), Ala.R.App.P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. Of course, Rule 4(a)(3), Ala.R.App.P., states that a postjudgment motion pursuant to Rule 59, Ala.R.Civ.P., such as was filed by the employer on April 28, 1998, will suspend the running of the time for filing a notice of appeal until (1) the date such a motion is granted or denied by the court, or (2) the date the motion is deemed denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P. Rule 59.1 provides for the automatic denial of a postjudgment motion, 90 days after its filing, in the absence of either (1) “the express consent of all the parties” to extend that period (which consent must “appear of record”); or (2) an extension “by the appellate court to which an appeal of the judgment would lie.” Seizing upon the first of these exceptions to the automatic-denial provisions of Rule 59.1, the employer contends that its postjudgment motion was granted by the trial court within the 90-day period, or, in the alternative, that the trial court’s statements at the hearing operated to extend the time for ruling upon the motion.
During the June 23,1998, hearing on the employer’s postjudgment motion, the trial court stated that it would receive proposed amendments to its judgment from the parties. In addition, we note that the employee’s trial counsel indicated at the conclusion of the hearing that any judgment entered subsequent to those submissions would also support a postjudgment motion. However, there is no express consent in the record for the employer’s post-judgment motion to remain pending beyond July 27, 1998, the 90th day after April 28, 1998, nor does the record reflect that this court extended the 90-day period.
We further note that there is no mechanism whereby the trial court may unilaterally extend the 90-day period set forth in Rule 59.1.[1] As our Supreme Court stated in Fanner v. Jackson, 553 So.2d 550 (Ala.1989):
“There are only two methods listed in Rule 59.1 for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, or (2) the grant of an extension of time by an appellate court. A trial court, by issuing an order agreeing to ‘reconsider’ its earlier decision, does not extend the 90-day period, nor will a trial court’s decision to rehear the matter be considered a disposition of the post-judgment motion within the meaning of Rule 59.1. The merits of the post-judgment motion must be ruled on within the 90-day period in order to avoid the denial mandated by Rule 59.1.”
553 So.2d at 552 (emphasis in original); see also id. at 553 (Steagall, J., concurring in the result) (noting that “[o]ur caselaw has strictly applied the 90-day provision of Rule 59.1.”).
In this case, all the trial court did was orally indicate its assent to a suggestion, made by counsel for the employer, that it receive judgment proposals containing findings of fact and conclusions of law. While the trial court may have thereby indicated that it was amenable to granting the employer’s motion and to entering a revised judgment, the record reveals that the trial court failed or refused to issue a ruling upon the merits of the employer’s April 28, 1998, motion during the 90-day period prescribed by Rule 59.1. Compare Borders v. Borders, 702 So.2d 147, 148 *931 (Ala.Civ.App.1997) (letter to counsel requesting more information and indicating intent to enter an order on postjudgment motion did not constitute a ruling on that motion). Thus, that motion .was denied by operation of law on July 27, 1998. The trial court’s purported amended judgment, entered after that denial, was a nullity and will not support an appeal (J.S. v. S.W., 702 So.2d 169, 171 (Ala.Civ.App.1997)); likewise, the employer’s subsequent motion challenging that judgment was also a nullity, and did not extend the time for filing a notice of appeal from the March 26, 1998, judgment. Humphries v. Humphries, 726 So.2d 698, 700 (Ala.Civ.App.1998).
The employer filed its notice of.appeal on December 29, 1998, well over 42 days after its postjudgment motion had been denied pursuant to the automatic-denial provisions of Rule 59.1. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App.P. Because the employer’s notice of appeal was, under Rule 4(a), Ala.R.App.P., untimely filed, the appeal is due to be, and it is hereby, dismissed.
DISMISSED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.

. But see Crowder v. Zoning Bd. of Adjustment, 409 So.2d 837, 838 (Ala.Civ.App.1981) (once an extension of the 90-day period has been properly accomplished under one of the methods permitted in Rule 59.1, the trial court then "can grant further extension for good cause shown" (emphasis added)).