Alonzo Hurth, an inmate at Donaldson Correctional Facility ("Donaldson"), appealed from two summary-judgment orders entered in favor of Correctional Medical Services, Inc. ("CMS"), and the Alabama Department of Corrections ("DOC"), respectively; the Alabama Supreme Court transferred Hurth's appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. Because Hurth has failed to file a timely notice of appeal, the appeal is due to be dismissed. See Rule 2(a)(1), Ala. R.App. P. (providing that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court).
In April 2004, Hurth sued DOC; CMS; Naphcare, Inc.; and Prison Health Services, Inc. ("PHS"), in the Jefferson Circuit Court, Bessemer Division, asserting claims of breach of contract and fraud based upon his allegedly having contracted hepatitis C as a result of tending to another ill inmate and the medical care he subsequently received; he subsequently amended his complaint to assert claims for injunctive relief against PHS and DOC only. In September 2004, PHS filed a motion for a summary judgment on the ground that PHS did not resume care for the patients at Donaldson until November 3, 2003, and that PHS was not in charge of treatment when Hurth allegedly contracted hepatitis C. After a hearing, the trial court granted PHS's summary-judgment motion; the trial court subsequently entered an order on the case-action-summary sheet certifying its summary-judgment order as a final judgment eligible for immediate appeal, "there being no just reason for delay in making that a final summary judgment." See Rule 54(b), Ala. R. Civ. P. (permitting the direction of entry of a final judgment as to less than all claims or all parties). Hurth appealed from that judgment. The Supreme Court transferred Hurth's appeal from that judgment to this court pursuant to § 12-2-7(6), Ala. Code 1975, and we affirmed that summary judgment. Hurth v. Prison Health Servs., Inc.,954 So.2d 5 (Ala.Civ.App. 2005) (table).
While the appeal from the summary judgment in favor of PHS was pending, Naphcare and DOC filed summary-judgment motions as to the claims asserted against them. The trial court entered "by agreement" a summary judgment in favor of Naphcare on Hurth's claims against it, thus terminating its involvement in the case. CMS then filed a summary-judgment motion as to Hurth's claims against it, and DOC filed what it termed a "supplemental motion" for a summary judgment.
On August 22, 2006, the trial court entered a summary judgment in favor of CMS and, pursuant to Rule 54(b), Ala. R. Civ. P., directed the entry of a final judgment in favor of CMS. Hurth filed a motion, pursuant to Rule 59(e), Ala. R. Civ. P., to vacate the summary judgment in favor of CMS on August 25, 2006, asserting that no oral argument had been held on CMS's summary-judgment motion. On August 31, 2006, the trial court entered a *Page 431 
judgment in favor of DOC on all of Hurth's claims against it; because that order adjudicated all claims as to all parties, that judgment was a final judgment. See Rule 54(b), Ala. R. Civ. P. On September 5, 2006, Hurth filed a motion, pursuant to Rule 59(e), Ala. R. Civ. P., to vacate the summary judgment in favor of DOC, asserting that no oral argument had been held on DOC's summary-judgment motion as supplemented.
In response to Hurth's motions, the trial court set a hearing for December 6, 2006. We note that that date was 103 days after the date Hurth had filed his postjudgment motion attacking the summary judgment in favor of CMS and 92 days after the date Hurth had filed his postjudgment motion attacking the summary judgment in favor of DOC. In contrast, Rule 59.1, Ala. R. Civ. P., provides, in pertinent part, that "[n]o post-judgment motion filed pursuant to [Rule 59, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days" without either (1) the "express consent" of all the parties appearing on the record, or (2) leave of "the appellate court to which an appeal of the judgment would lie." Under Rule 59.1, the "failure [of] the trial court to dispose of any pending post-judgment motion within the time permitted [in Rule 59.1], or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
Although the hearing on Hurth's post-judgment motions was set for a hearing on a date outside the 90-day period set forth in Rule 59.1, the record in this case does not indicate that Hurth and CMS consented to the trial court's retention of jurisdiction to rule on Hurth's August 25, 2006, postjudgment motion beyond November 27, 2006, the first working day following the 90th day after Hurth's motion was filed (see Rule 6(a); Ala. R. Civ. P.); similarly, no consent appears on the record from Hurth and DOC for the trial court to rule on Hurth's September 5, 2006, post-judgment motion after December 4, 2006, the 90th day after that motion was filed. Likewise, neither this court nor the Alabama Supreme Court entered an order that would have extended the time for ruling on either motion.
We thus conclude that Hurth's motions were denied by operation of law 90 days after they were filed and that the trial court's orders entered on December 6, 2006, purporting to again enter a summary judgment in favor of CMS and DOC are nullities.Moragne v. Moragne, 888 So.2d 1280, 1282
(Ala.Civ.App. 2004).[1] Moreover, Hurth's notice of appeal, which was filed on February 16, 2007, was not filed within 42 days after either of his postjudgment motions were denied pursuant to Rule 59.1, Ala. R. Civ. P., as Rule 4(a)(3), Ala. R.App. P., requires; thus, his appeal is untimely and must be dismissed. See Moragne, 888 So.2d at 1282-83.
APPEAL DISMISSED.
All the judges concur.
[1] Hurth's December 21, 2006, "motion to reconsider" and the trial court's January 18, 2007, order purporting to deny that motion are also nullities and do not further extend the time for taking an appeal. See Alabama Elec. Co. v.Dobbins, 744 So.2d 928, 930-31 (Ala.Civ.App. 1999). *Page 432