THOMPSON, Presiding Judge.
 

 Shester Sullivan sued his former employer, the City of Satsuma (“the City”),
 
 *823
 
 seeking workers’ compensation benefits based on his allegation that he had suffered a permanent total disability as a result of an on-the-job injury to his left knee. The City answered and denied liability. Sullivan later amended his complaint to allege a claim of retaliatory discharge and a claim pursuant to the Americans with Disabilities Act (“the ADA”), 42 U.S.C. § 12101 et seq. On February 15, 2008, the trial court entered an order stating that the parties had reached a settlement agreement with regard to the retaliatory-discharge and the ADA claims, and it dismissed those claims with prejudice.
 

 The trial court conducted a hearing on Sullivan’s workers’ compensation claim, and, on June 18, 2008, it entered an order finding that Sullivan’s claimed injury was not related to his employment, that his injury had not caused a disability, and that he was not entitled to recover workers’ compensation benefits from the City. The trial court’s June 18, 2008, order, however, did not specifically enter a judgment in favor of the City. Thereafter, the trial court entered a judgment stating, “[tjhere being no further issues before this Court, this matter is dismissed as a matter of law”; that judgment was entered on July 1, 2008.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. (“An order or a judgment shall be deemed ‘entered’ ... as of the actual date of the input of the order or judgment' into the State Judicial Information System.”). Sullivan timely appealed.
 

 On appeal, Sullivan argues only that the trial court’s judgment did not comply with § 25-5-88, Ala.Code 1975, which requires that a judgment in a workers’ compensation action contain “a statement of the law and facts and conclusions as determined by [the trial] judge.” Relying on § 25-5-88 or its predecessor, this court has held that a workers’ compensation judgment, whether entered in favor of the worker or the employer, must contain factual findings and legal conclusions.
 
 Kearley v. Peterman Lumber Co.,
 
 46 Ala.App. 204, 205, 239 So.2d 776, 777 (Ala.Civ.App.1970);
 
 see also Casteel v. Wal-Mart Stores, Inc.,
 
 828 So.2d 331 (Aa.Civ.App.2002) (an order stating that the employer’s motion for a summary judgment was due to be granted was not sufficient under § 25-5-88).
 

 In this case, the trial court’s June 18, 2008, order was made final by the July 1, 2008, judgment dismissing Sullivan’s workers’ compensation claim. In its June 18, 2008, order, the trial court set forth extensive factual findings, which it had reached after viewing surveillance videotapes of Sullivan. According to the detailed factual findings made by the trial court, those surveillance videotapes discredited Sullivan’s testimony that he is unable to perform certain tasks and contradicted Sullivan’s testimony regarding his physical limitations. The trial court then determined:
 

 “The Court finds that Shester Sullivan’s back complaints are unrelated to his employment at the City of Satsuma and further that Shester Sullivan is not disabled as a result of his left knee injury. The Court finds that Shester Sullivan has failed to carry his burden of proof to establish that he is physically impaired and limited as a result of his on-the-job injury. [The order contained further detailed factual findings omitted herein],
 

 “The Court finds that the video surveillance is compelling and demonstrates that Shester Sullivan has not suffered the loss of the ability to earn wages as a result of any injury sustained within the course of his employment with the City of Satsuma. The Court finds that the injury to Shester Sullivan’s left knee does not contribute to any disability
 
 *824
 
 which impairs his ability to earn wages. Further, the Court finds that Shester Sullivan has testified in his wrongful-termination action that he was capable of gainful employment with the City of Satsuma. The evidence as observed by this Court during the trial of the case and the viewing of the surveillance video demonstrates in the best judgment of this Court that Shester Sullivan has not suffered an impairment of his ability to earn wages and hence he is not entitled to workers’ compensation benefits for a permanent impairment or disability.
 

 “The Court finds that Shester Sullivan is not entitled to recover compensation benefits as a result of any injury sustained within the line and scope of his employment with the City of Satsuma as the court determines that he is capable of performing physical activities with no limitation of his left knee as demonstrated by the video surveillance offered by the defendant. The Court further finds that Shester Sullivan has failed to carry his burden of proof with regard to any injury to his back and the Court finds that any such condition is unrelated to his employment with the City of Satsuma.”
 

 This court has held that, in entering a workers’ compensation judgment, a trial court is not required under § 25-5-88 to specifically set forth the provisions of the Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, pursuant to which the trial court grants workers’ compensation benefits.
 
 Republic Steel Corp. v. Kimbrell,
 
 370 So.2d 294, 295 (Ala. Civ.App.1979),
 
 overruled, on other grounds, Ex parte Drummond Co.,
 
 837 So.2d 831 (Ala.2002). Similarly, there is no requirement that, in denying a plaintiffs claim for workers’ compensation benefits, the trial court is required to specifically cite to sections of the Act.
 

 The trial court made numerous factual findings in support of its legal conclusions that Sullivan had not suffered any disability as a result of an on-the-job injury and that the back injury Sullivan claimed as a result of his alleged on-the-job knee injury was unrelated to his employment. Sullivan has not identified to this court what factual findings or legal determinations might have been omitted from the trial court’s judgment, and we can discern none. We conclude that the trial court’s judgment complies with the requirements of § 25-5-88, Ala.Code 1975.
 

 Sullivan has asserted no other arguments on appeal. Therefore, we affirm the trial court’s judgment.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.