PITTMAN, Judge.
Alvin Roberson appealed to the Monroe Circuit Court from an adverse decision by the Alabama Department of Industrial Relations (“the Department”) on his claim for unemployment benefits. Following a bench trial, the circuit court entered a judgment in favor of the Department on October 29, 2010. Roberson filed a post-judgment motion on November 9, 2010, and the Department responded to that motion one week later. On November 18, 2010, the circuit court set a hearing on the motion for February 16, 2011 (the 99th day after Roberson had filed his postjudgment motion challenging the judgment in favor of the Department). On February 28, 2011, the circuit court purported to grant Roberson’s postjudgment motion and to enter a new judgment in favor of Roberson. The Department appealed to this court on April 8, 2011.
“Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that remains pending for 90 days is deemed denied by operation of law, and the trial court loses jurisdiction to rule on that motion. See, e.g., Ex parte Davidson, 782 So.2d 237, 241 (Ala.2000). ‘ “There are only two methods listed in Rule 59.1 for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, [and] (2) the grant of an extension of time by an appellate court.” ’ Davidson, 782 So.2d at 241 (quoting Farmer v. Jackson, 553 So.2d 550, 552 (Ala.1989)). Neither of those methods to extend time were invoked in this case. Moreover, ‘ “the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be ‘inadvertent [or] deliberate.’ ” ’ Ex parte Chamblee, 899 So.2d 244, 247 (Ala.2004) (quoting Ex parte Johnson Land Co., 561 So.2d 506, 508 (Ala.1990), quoting in turn Howard v. McMillian, 480 So.2d 1251, 1252 (Ala.Civ.App.1985)).”
Smith v. Smith, 4 So.3d 1178, 1181 (Ala.Civ.App.2008).
In the present case, the circuit court’s setting a hearing date for Roberson’s postjudgment motion did not toll the running of the 90-day period. Id. In fact, Roberson’s motion had already been denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., on February 7, 2011, before the hearing was held. Thus, the circuit court’s February 28, 2011, order purporting to grant Roberson’s motion and to enter a judgment in his favor was a nullity. See Hurth v. Correctional Med. Servs., Inc., 980 So.2d 429, 431 (Ala.Civ.App.2007).
Because the Department’s notice of appeal was not filed within 42 days of February 7, 2011, the date on which Roberson’s motion was denied by operation of law pursuant to Rule 59.1, its appeal is *178 untimely and must be dismissed. See Rule 4(a)(3), Ala. R.App. P. (“If [a] post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”). The circuit court is directed to vacate its February 28, 2011, order.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.