SHAW, Justice.
Genesis Pittman, D.M.D., P.C. (“Pittman, P.C.”), petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order setting aside a prior summary judgment entered in favor of Pittman, P.C. We grant the petition and issue the writ.
Facts and Procedural History
In August 2014, the respondent, Debra Blackmon, filed a pro se action against Pittman, P.C.,[1] in the Jefferson Circuit *589 Court. Blackmon’s complaint alleged negligence and dental malpractice. More specifically, Blackmon asserted that Pittman, P.C., had,'in connection with a tooth extraction, prescribed a medication for Blackmon to which she had a known allergy. Blackmon further alleged that she suffered an allergic reaction necessitating emergency medical treatment as well as a related fall resulting in physical injury.
Blackmon apparently failed, in accordance with the trial court’s scheduling order, to timely disclose the identity of an expert witness she had retained. After the expiration of the disclosure deadline, Pittman, P.C., filed a motion requesting a summary judgment in its favor on the primary ground that, based on the above-described failure to identify an expert, Blackmon could not establish a violation of the applicable standard of care by means of a “similarly situated health care provider” as contemplated by § 6-5-548, Ala. Code 1975. Blackmon, who had, by that time, .retained legal counsel, filed a response in opposition that included her own affidavit testimony and medical records. After a hearing, the trial court, on December 18, 2015, entered a summary judgment in favor of Pittman, P.C., as to all counts against it.[2]
On January 16, 2016, Blackmon filed, pursuant to Rule 59(e), Ala. R. Civ. P., a postjudgment motion to alter, amend, or vacate the summary judgment in favor of Pittman, P.C. The trial court, by order entered March 23, 2016, scheduled Black-mon’s motion for, and ultimately conducted a hearing on, May 5, 2016. According to Pittman, P.C., however, by the time of the hearing, Blackmon’s motion had been, pursuant to Rule 59.1, Ala. R. Civ. P.,[3] denied by operation of law on April 15, 2016. On May 6, 2016—110 days after the filing of Blackmon’s postjudgment motion—the trial court entered an order purporting to grant Blackmon’s postjudgment motion. In response, Pittman, P.C., filed the instant petition contending, in part, that the trial court lacked jurisdiction to grant Black-mon’s January 16, 2016, motion. We ordered answers and briefs.
Standard of Review
‘““Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal tq.do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala. 2000).’
“Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala. 2003).”
Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala. 2009).
Discussion
Pittman, P.C., argues that, because Blackmon’s postjudgment motion was de *590 nied by operation of law before the trial court’s entry of an order purporting to dispose of that motion, the trial lost jurisdiction to rule. See, e.g., Ex parte Johnson Land Co., 561 So.2d 506, 508 (Ala. 1990) (“If the trial court allows a post-trial motion to remain pending, and not ruled upon, for 90 days, then the motion is denied by operation of law and the trial court loses its jurisdiction to further entertain that motion.” (citing Carnes v. Carnes, 365 So.2d 981 (Ala. Civ. App. 1978))). We agree.
In her answer, Blackmon contends that, by not raising the denial-by-operation-of-law issue in response to the trial court’s order setting a hearing on Black-mon’s postjudgment motion and in ultimately allowing, without objection, the motion to be heard as scheduled, Pittman, P.C., impliedly consented to an extension of the 90-day period provided for in Rule 59.1.[4] Our courts have, however, previously rejected this argument:
“[A]ny consent to extend the 90-day period for ruling on a postjudgment motion must be in direct and unequivocal terms. This court explained in Personnel Board of Mobile County v. Bronstein[, 354 So.2d 8 (Ala. Civ. App. 1977)]:
“ ‘Black’s Law Dictionary 377 (4th ed. 1968) defines “express consent” as:
“ ‘ “That directly given either [orally] or in writing. It is positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning.”
“ ‘The following definition of “express” is found in Words & Phrases, Vol. 15A, p. 522:
“ ‘ “ ‘Express’ means ‘made known distinctly and explicitly, and not left to inference or implication; declared in terms; set forth in words; manifested by direct and appropriate language, as distinguished from that which is inferred from conduct.... ””
“354 So.2d at 10.”
Higgins v. Higgins, 952 So.2d 1144, 1146 (Ala. Civ. App. 2006). See also Alabama Elec. Co. v. Dobbins, 744 So.2d 928, 930 (Ala. Civ. App. 1999) (“ ‘There are only two methods listed in Rule 59.1 for extending the 90-day period: (1) the express consent of all parties to an extension of the 90-day period, or (2) the grant of an extension of time by an appellate court.’” (quoting Farmer v. Jackson, 553 So.2d 550, 552 (Ala. 1989))).
Blackmon fails to identify to this Court any affirmative indication in the proceedings below of the express consent of Pittman, P.C., to an extension of the 90-day period provided for in Rule 59.1. Instead, clear authority provides that the trial court’s error in setting a postjudgment motion for an initial hearing on a date beyond the 90-day period provided for in Rule 59.1 failed to extend the running of the 90-day period. See Alabama Dep’t of Indus. Relations v. Roberson, 97 So.3d 176, 177 (Ala. Civ. App. 2012). More particularly, Roberson aptly explains: “In the present case, the circuit court’s setting a hearing date for Roberson’s postjudgment motion did not toll the running of the 90-day period. ... In fact, Roberson’s motion had already been denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., ... before the hearing was held.” Id.
Although Blackmon urges this Court either to overrule or to “depart from” the rule of Roberson and its progeny because of the allegedly inequitable result in her case, she offers neither compel *591 ling rationale nor authority for doing so. As Blackmon notes, her postjudgment motion was, allegedly through no fault attributable to her, set for hearing after the expiration of the 90-day period contemplated by Rule 59.1. Despite the unfortunate result, this Court has explained that, “[m]ost importantly, the operation of Rule 59.1 makes no distinction based upon whether the failure to rule appears to be ‘inadvertent [or] deliberate ... [or] any other type of failure.’ ” Johnson Land Co., 561 So.2d at 508 (quoting Howard v. McMillian, 480 So.2d 1251, 1252 (Ala. Civ. App. 1985)). As Pittman, P.C., argues in its reply brief, Blackmon could have attempted to obtain, by consent, an extension of the time for ruling, could have sought an extension from or filed a notice of appeal to this Court, or could have sought an earlier hearing date below.
Here, it is undisputed that the trial court failed to rule on Blackmon’s motion within 90 days of the date on which the motion was filed. Under Rule 59.1, that motion was, therefore, denied by operation of law on April 15, 2016, at the expiration of that 90-day period. Thus, the trial court was without jurisdiction to enter any further order after April 15, and the trial court’s order purporting to set aside the summary judgment in favor of Pittman, P.C., was a nullity. See Roberson, 97 So.3d at 177.
In consideration of the foregoing, we conclude that Pittman, P.C., has demonstrated a clear legal right to the requested relief. Although we offer no opinion as to the legal merit of the trial court’s summary-judgment order, we nonetheless hold that, as of April 15, 2016, the trial court lost jurisdiction to vacate that order. We therefore grant the petition and issue the writ directing the Jefferson Circuit Court to vacate its order overturning its summary-judgment order in favor of Pittman, P.C.
PETITION GRANTED; WRIT ISSUED.
Stuart, Bolin, Parker, Murdock, Main, Wise, and Bryan, JJ., concur.

. Blackmon’s complaint also named other defendants; however, the identity of those defendants and the disposition of the claims against them are irrelevant to this petition.

. On the same date, the trial court also entered a judgment in favor of the other defendants. See note 1, supra.

. Rule 59.1 provides as follows:
"No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the- express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”.
(Emphasis added.)

. Although the limited materials before this Court do not include a transcript of the post-judgment hearing conducted by the trial court, Pittman, P.C., represents in its filings that it "orally raised the trial court's lack of jurisdiction based on Rule 59.1” during that proceeding.