THOMAS, Judge.
The Alabama Department of Revenue (“ADOR”) appeals from the Jefferson Circuit Court’s denial of ADOR’s motion to set aside a default judgment entered in favor of Barry V. Frederick and Brandi B. Frederick on their appeal from an administrative law judge’s order upholding ADOR’s final assessment of income tax owed by the Fredericks. The Fredericks have moved to dismiss ADOR’s appeal, arguing that ADOR failed to timely file its notice of appeal with the trial-court clerk’s office. After considering the rules governing Alabama’s electronic-filing system, we agree with the Fredericks that the appeal is due to be dismissed.
The Fredericks filed their appeal from the administrative law judge’s order on March 1, 2013. On December 20, 2013, the trial court held a status conference, at which the Fredericks orally moved for an entry of default and a default judgment *124 based on ADOR’s failure to file an answer or to otherwise appear in the action. On December 30, 2018, ADOR filed a motion to dismiss the Fredericks’ appeal. On December 31, 2013, the trial court entered a default judgment in favor of the Freder-icks.
On January 3, 2014, ADOR filed a timely motion seeking to have the default judgment set aside. See Rule 55(c), Ala. R. Civ. P. (providing that a motion to set aside a default judgment must be filed within 30 days of the entry of the judgment). The Fredericks opposed ADOR’s motion. On February 21, 2014, citing the fact that the trial court had set a hearing on the Rule 55(c) motion for a date after that motion would be denied by operation of law,[1] ADOR filed a motion to “convert” its Rule 55(c) motion to a Rule 60(b), Ala. R. Civ. P., motion, stating grounds under Rule 60(b)(1) and Rule 60(b)(4). The trial court did not rule on ADOR’s Rule 55(c) motion; thus, it was denied by operation of law on April 3, 2014. The record reflects that, as of the time of the filing of ADOR’s notice of appeal, ADOR’s Rule 60(b) motion remained pending below.
On May 15, 2014, 42 days after ADOR’s Rule 55(c) motion was denied by operation of law, ADOR electronically filed a notice of appeal with the trial-court clerk’s office. On May 22, 2014, the trial-court clerk’s office accepted a “hard copy” of the notice of appeal. The State Judicial Information System’s case-action summary indicates that the notice of appeal was filed on May 22, 2014, when it was delivered to the trial-court clerk’s office.
As noted above, the Fredericks filed a motion to dismiss ADOR’s appeal as having been untimely filed. ADOR argues that the appeal was timely filed because the notice of appeal was' electronically submitted on May 15, 2014, exactly 42 days after the denial of its Rule 55(c) motion by operation of law. See Rule 4(a)(1) and (3), Ala. R.App. P. (stating that, in most instances, a notice of appeal shall be filed within 42 days of the denial of a timely postjudgment motion directed to the judgment from which the appeal is taken). As the Fredericks point out, however, a notice of appeal to an appellate court may not be filed electronically. ADOR contends that, pursuant to Rule 5(e), Ala. R. Civ. P., its electronic filing of its notice of appeal was timely. Rule 5(e) provides, in pertinent part, that “[a] pleading, motion, order, or other document filed by electronic means in accordance with an order or rules of the Supreme Court of Alabama constitutes filing with the court for the purpose of applying these rules.” (Emphasis added.)
ADOR admits that a September 6, 2012, document entitled “Administrative Policies and Procedures for Electronic Filing in the Civil Division of the Alabama Unified Judicial System” (“the electronic-filing policy manual”) governs electronic filing. The electronic-filing policy manual was issued on the same date that then Chief Justice Malone issued an administrative order requiring electronic filing by attorneys in all civil cases' and stating that the electronic-filing policy manual would provide details and instructions on the proper methods for electronic filing. We conclude that the electronic-filing policy manual issued in conjunction with the administrative order is, under Rule 5(e), “an order ... of the Supreme Court.”
ADOR concedes that the electronic-filing policy manual indicates that a notice of *125 appeal is not a document that may be filed electronically. Nevertheless, ADOR argues, the electronic-filing policy manual provides that “[a] current list of document types that are not available for e-filing will be maintained at: http://efile.alacourt. gov/.” ADOR states that no “list of document types that are not available for e-filing” appears on the Web page associated with that link. Thus, ADOR contends, it could not have known that a notice of appeal could not be filed electronically.
The Fredericks counter ADOR’s argument by pointing out that the Web page to which one is directed upon logging into the electronic-filing system contains the following language in red type: ‘WARNING: Do not file any of the following electronically! If you do, you risk your Legal Action being ruled against procedurally.” Under this warning, a list of several types of documents appears. The fourth item on that list is “Notices of Appeal.” Furthermore, a folder on the home page of the Web site http://efile.alacourt.gov/ labeled “FAQ” contains a list of frequently asked questions regarding electronic filing; the first question is “What documents still have to be paper filed with the clerk’s office as of 11/01/2012?”; the first item listed in answer to that question is “Notices of Appeal.”[2] Another folder on the home page of that same Web site labeled “Administrative Procedures” contains a document entitled “AlaFile — Current List of Documents Not Available for Electronic Filing.” That list also identifies notices of appeal among those documents that may not be filed electronically; the list indicates that it was compiled on May 6, 2014.[3] Thus, there is ample information available to support the Fredericks’ contention that ADOR should have been aware that notices of appeal could not be electronically filed.
We are aware that some circuits have accepted electronically filed notices of appeal. However, at no time since the institution of the electronic-filing system has a notice of appeal been a document capable of being filed electronically. ADOR admits to having a copy of the 2012 rules governing electronic filing, and the electronic filing Web site warns its users that certain documents, including notices of appeal, may not be filed electronically. ADOR’s notice of appeal could not be electronically filed, and, thus, its May 15, 2014, notice of appeal did not serve to perfect its appeal to this court. See Rule 5(e). ADOR’s notice of appeal was not actually filed in the trial-court clerk’s office until May 22, 2014, more than 42 days after the denial of ADOR’s Rule 55(c) motion by operation of law. Because ADOR’s notice of appeal was not timely filed, we lack jurisdiction over ADOR’s appeal, and the appeal must be dismissed. See Rule 2(a)(1), Ala. R.App. P.; Alabama Dep’t of Indus. Relations v. Roberson, 97 So.3d 176, 177-78 (Ala.Civ.App.2012); Alabama Dep’t of Mental Health & Mental Retardation v. Marshall, 741 So.2d 434, 437 (Ala.Civ.App.1999); see also Schiffman v. City of Irondale, 669 So.2d 136, 138 (Ala.1995) (“The time for filing a notice of appeal is jurisdictional.”).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The record does not contain an order setting a hearing on the Rule 55(c) motion, but we presume that a hearing was set more than 90 days after the date the Rule 55(c) motion was filed. See Rule 59.1. Ala. R. Civ. P. (stating that postjudgment motions, including those filed pursuant to Rule 55(c), are denied by operation of law if not ruled upon within 90 days).

. Copies of the pertinent Web pages, as they existed on the date this opinion was released, are available in the case file of the clerk of the Alabama Court of Civil Appeals.

. See note 2, supra.