MOORE, Judge.
The Alabama Medicaid Agency ("Medicaid") appeals from a judgment, entered by the Marshall Circuit Court ("the circuit court"), dismissing its appeal from a judgment of the Marshall Probate Court ("the probate court") that denied its claim against the estate of Melissa Daniel Driver ("the estate"), who is deceased. We reverse the circuit court's judgment.
Procedural History
Health Management Systems, which works on behalf of Medicaid in its estate recovery efforts, filed in the probate court a claim, pursuant to Ala. Code 1975, § 43-2-354, against the estate in the amount of $44,978.10. On June 20, 2016, the probate court entered a judgment denying Medicaid's claim. On July 17, 2016, Medicaid electronically filed in the circuit court a document entitled "The Alabama Medicaid Agency's Appeal from the Marshall County Probate Court's Order on Contest of Claims," purporting to appeal to the circuit court for a trial de novo. See § 43-2-354. Medicaid named as "respondents" Melissa Joelle Brooks and Cynthia Danielle Martin, in their capacity as "co-executrixes" of the estate.
On September 6, 2016, Medicaid filed against the estate an application for the entry of default and a motion for a default judgment. That same day, the circuit-court clerk issued an entry of default. On September 8, 2016, the estate filed a motion to set aside the entry of default and also moved to strike Medicaid's appeal and to dismiss the appeal. On October 24, 2016, the circuit court set aside the entry of default, denied the application for a default judgment, and dismissed the appeal. With regard to dismissing the appeal, the circuit court reasoned that, because a notice of appeal cannot be electronically filed, see Rule 5, Ala. R. Civ. P., and Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System, the circuit court lacked subject-matter jurisdiction over Medicaid's appeal.
On November 22, 2016, Medicaid filed a postjudgment motion; that motion was denied on December 13, 2016. On January 17, 2017, Medicaid filed its notice of appeal *687 to the Alabama Supreme Court; that court subsequently transferred the appeal to this court after determining that the case was within this court's appellate jurisdiction.
Discussion
In its judgment dismissing the appeal, the circuit court relied on this court's decision in Alabama Department of Revenue v. Frederick, 166 So.3d 123 (Ala. Civ. App. 2014). In Frederick, the Alabama Department of Revenue attempted to perfect its appeal from an adverse judgment entered by the Jefferson Circuit Court by filing a notice of appeal electronically in that court. Rule 3(a)(1), Ala. R. App. P., provides, in pertinent part, that an appeal from a judgment entered in a civil case may be taken "by filing a notice of appeal with the clerk of the trial court." In Frederick, this court determined that the "Administrative Policies and Procedures for Electronic Filing in the Civil Division of the Alabama Unified Judicial System" document ("the electronic-filing policy manual") does not allow electronic filing of a notice of appeal. 166 So.3d at 125. This court dismissed the appeal on the ground that the electronic filing of a notice of appeal has no legal effect. Id.
In this case, Medicaid appealed to the circuit court from an adverse judgment of the probate court regarding its claim against the estate. Section 43-2-354 governs such appeals and provides:
"The personal representative of the estate of a decedent may give notice in writing to the claimant or anyone having a beneficial interest in a claim against the estate that such claim is disputed in whole or in part; if in part, specifying the part disputed. Thereupon the judge of the court having jurisdiction of the administration of the estate shall, on written application of either the personal representative or the claimant, hear and pass on the validity of such claim, or part thereof, first giving 10 days' notice of such hearing to the interested parties. If the claimant in such proceeding shall fail to recover upon the disputed part of such claim, he shall be taxed with the costs thereof. This section shall not apply to claims against estates declared insolvent. If the judgment on any such claim is rendered by a probate court, either party may, within 30 days after the rendition of such judgment, appeal to the circuit court of the county in which the administration of said estate is pending, and the trial of the validity of said claim in said circuit court shall be de novo, and upon demand of either party, filed in the circuit court within 30 days from the taking of said appeal, shall be tried by a jury. If the administration of an estate in which a claim is disputed is pending in the circuit court, the trial of the validity of said claim shall be by jury upon demand of either party filed within 30 days after written notice that the claim is disputed. In any event either party may appeal to the supreme court or court of civil appeals, as the case may be, from the judgment of the circuit court, such appeal to be taken within 42 days and as other appeals are taken."
(Emphasis added.)
Section 43-2-354 provides that a party aggrieved by a judgment of a probate court regarding a disputed claim against an estate may appeal to the circuit court for a trial de novo. However, § 43-2-354 does not explicitly provide a specific procedure for appealing from a probate court to a circuit court. Section 12-22-25, Ala. Code 1975, provides that a party appealing from a judgment entered by a probate court must give security for costs of the appeal, but no statute generally applicable to appeals from a probate court otherwise specifies the procedure for appealing a probate-court *688 judgment to the circuit court. See Finch v. Finch, 468 So.2d 151 (Ala. 1985). More specifically, as Medicaid correctly points out, no applicable statute or rule explicitly requires a party appealing pursuant to § 43-2-354 to first file a notice of appeal.
Generally speaking, a "notice of appeal" refers to a document filed with the clerk of the inferior court that entered the judgment from which the appeal lies, stating an intention to appeal the judgment of the inferior court to a superior court. See Black's Law Dictionary 1229 (10th ed. 2014). Because the timely filing of a notice of appeal ordinarily serves as the means to perfect an appeal, see, e.g., Rule 3, Ala. R. App. P., our supreme court decided that it would not be advisable to allow electronic filing of a notice of appeal. Thus, the electronic-filing policy manual requires that all notices of appeal be filed by paper, consistent with the long-standing practice and procedure in this state.
Under § 43-2-354, however, a party does not have to file a notice of appeal with the clerk of the probate court in order to perfect an appeal to the circuit court. An appeal "is the mode of commencing a new and independent suit ..., the object of which is a revision of the proceedings of the inferior court." Anders Bros. v. Latimer, 198 Ala. 573, 575, 73 So. 925, 926 (1917). In regard to appeals pursuant to § 43-2-354, it appears that the legislature, by omitting any reference to a notice of appeal, intended that the ordinary "mode of commencing a new and independent suit," i.e., the filing of a complaint under Rule 3(a), Ala. R. Civ. P., would be sufficient to perfect an appeal and invoke the appellate jurisdiction of the circuit court. Unlike a "notice of appeal," a complaint may be filed electronically.
In this case, Medicaid electronically filed a "complaint" in the circuit court, notifying the circuit court that it was appealing from an adverse judgment of the probate court. The content of its complaint was sufficient to invoke the appellate jurisdiction of the circuit court, and Medicaid used a permissible means to file its complaint. Because the appeal was timely and properly filed, we conclude that the circuit court erred in dismissing Medicaid's appeal. We therefore reverse the judgment of the circuit court and remand the cause to the circuit court for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., dissents, without writing.