Rel: February 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

### CL-2025-0749

————————————————

**Premier Choice Realty & Investments, Inc.,
d/b/a Premier Choice Pools**

**v.**

**Arthur Lumpkin**

**Appeal from Mobile Circuit Court
(CV-24-903084)**

MOORE, Presiding Judge.

Section 12-12-70(a), Ala. Code 1975, provides, in pertinent part, that "[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court ...." In this

case, we hold that transmitting a notice of appeal electronically does not constitute "filing notice of appeal" under § 12-12-70(a).

Background

On November 13, 2024, the Mobile District Court entered a final judgment in a case involving Premier Choice Realty & Investments, Inc., d/b/a Premier Choice Pools ("Premier"), and Arthur Lumpkin. On November 27, 2024, Premier transmitted to the clerk of the Mobile Circuit Court, who also serves as the clerk of the Mobile District Court, a notice of appeal electronically through the AlaFile electronic-filing system.[1] Premier did not deliver a paper copy of the notice of appeal. Upon the receipt of a filing fee, the circuit court docketed the appeal. Subsequently, Lumpkin filed a motion to dismiss the appeal, arguing that Premier had not invoked the appellate jurisdiction of the circuit court because, among other things, the notice of appeal had not been

---

[1] A notice of appeal from a district-court judgment may be filed with the clerk of a circuit court when that clerk also serves as the clerk of the district court, see Tolbert v. Ervin, 264 So. 3d 879 (Ala. Civ. App. 2018), which is the case in Mobile County, a fact of which we take judicial notice. See Davis v. Teague, 220 Ala. 309, 313, 125 So. 51, 55 (1929).

properly filed.  After a hearing, the circuit court granted the motion to dismiss.  Premier appeals from the order of dismissal.[2]

## Standard of Review

Whether a district-court judgment may be appealed to a circuit court by transmitting to the clerk of the district court a copy of the notice of appeal electronically is a question of law we review de novo.  See generally Alabama Dep't of Revenue v. Frederick, 166 So. 3d 123 (Ala. Civ. App. 2014).

## Analysis

Section 12-12-70(a) requires the "filing" of a notice of appeal.  In this context, "filing" refers to "the delivery of a document to a specified officer for permanent keeping as a notice or record in the place where his [or her] official records and papers are kept."  Turner v. Alabama State Tenure Comm'n, 523 So. 2d 401, 403 (Ala. Civ. App. 1987).  Rule 5(e), Ala. R. Civ. P., which is applicable in district courts, provides that "[a] pleading, motion, order, or other document filed by electronic means in

---

[2]Lumpkin has moved this court to dismiss this appeal because Premier failed to serve him with its principal brief.  Because Lumpkin obtained a copy of that brief, and was able to file a responsive brief, he was not prejudiced by the lack of service, so we deny the motion.  See M.B. v. R.B., 3 So. 3d 237, 243-45 (Ala. Civ. App. 2008).

accordance with an order or rules of the Supreme Court of Alabama constitutes filing with the court for the purpose of applying these rules." Thus, a notice of appeal from a judgment entered by a district court may be filed electronically only if such filing is allowed by an order or a rule of the supreme court.

In 2019, the supreme court amended the Alabama Rules of Appellate Procedure to authorize the electronic filing of notices of appeal to the Alabama appellate courts -- the Alabama Supreme Court, the Alabama Court of Civil Appeals, and the Alabama Court of Criminal Appeals. Rule 3(a), Ala. R. App. P., now provides, in pertinent part: "The notice of appeal may be filed electronically with the trial court clerk through the trial court's electronic-filing system." See Rule 3(a)(1) and (2). However, Rule 3(a) does not govern the procedure for appealing from a district-court judgment to the circuit court. See Veteto v. Yocum, 794 So. 2d 1117, 1119 (Ala. Civ. App. 2000) ("The Alabama Rules of Appellate Procedure do not govern appeals from the district court."); Rule 1, Ala. R. App. P. ("These rules govern appeals to the Supreme Court, the Court of Civil Appeals, and the Court of Criminal Appeals ...."). Therefore, Rule

3(a) does not authorize the electronic filing of a notice of appeal from a judgment entered by a district court to a circuit court.

Rule 44, Ala. R. Jud. Admin., generally governs the electronic filing of documents in trial courts. Before September 1, 2025,[3] the version of Rule 44 applicable in this case provided:

> "Any document electronically filed in a circuit court, district court, or juvenile court case shall be accepted by the clerk of that court, <u>except that the Administrative Director of Courts ('the ADC') shall have the discretion to determine the types of documents that are not available for electronic filing and shall publish on the electronic-filing Web site a notice listing all documents that are not available for electronic filing</u>. Individuals who file documents electronically in the circuit court, district court, or juvenile court shall remain diligent in keeping track of the updated list of document types that are not available for electronic filing. The ADC shall publish a policies and procedures manual pertaining to electronic filing to be placed on the Administrative Office of Courts' Web site."

(Emphasis added.) Rule 44 generally provides that any document may be filed electronically in the district court; however, as an exception to the general rule, if the Administrator Director of Courts ("the ADC") lists a certain document on "the electronic-filing Web site" as not being

---

[3]Rule 44 was amended effective September 1, 2025; however, that amendment does not apply to this case.

5

available for electronic filing, that document may not be filed electronically.

Rule 44 does not define the phrase, "the electronic-filing Web site," but our caselaw indicates that that phrase refers to the AlaFile electronic-filing Web site located at https://alafile.alacourt.gov. In Frederick, supra, the Alabama Department of Revenue ("ADOR"), electronically filed in this court a notice of appeal from a default judgment entered by the Jefferson Circuit Court within the 42-day period in which the notice of appeal was due. See Rule 4(a), Ala. R. App. P. After 42 days, ADOR also filed a "hard copy" of the notice of appeal. 166 So. 3d at 124. The appellees, the Fredericks, moved this court to dismiss the appeal because, they argued, the only notice of appeal that ADOR had timely filed had been filed electronically, which was not allowed. This court agreed. The court noted that the 2012 electronic-filing policy manual adopted by the ADC provided that a notice of appeal could not be filed electronically. We then said:

> "ADOR concedes that the electronic-filing policy manual indicates that a notice of appeal is not a document that may be filed electronically. Nevertheless, ADOR argues, the electronic-filing policy manual provides that '[a] current list of document types that are not available for e-filing will be maintained at: http://efile.alacourt.gov/.' ADOR states that no

6

'list of document types that are not available for e-filing' appears on the Web page associated with that link. Thus, ADOR contends, it could not have known that a notice of appeal could not be filed electronically.

"The Fredericks counter ADOR's argument by pointing out that the Web page to which one is directed upon logging into the electronic-filing system contains the following language in red type: 'WARNING: Do not file any of the following electronically! If you do, you risk your Legal Action being ruled against procedurally.' Under this warning, a list of several types of documents appears. The fourth item on that list is 'Notices of Appeal.' Furthermore, a folder on the home page of the Web site http://efile.alacourt.gov/ labeled 'FAQ' contains a list of frequently asked questions regarding electronic filing; the first question is 'What documents still have to be paper filed with the clerk's office as of 11/01/2012?'; the first item listed in answer to that question is 'Notices of Appeal.' Another folder on the home page of that same Web site labeled 'Administrative Procedures' contains a document entitled 'AlaFile -- Current List of Documents Not Available for Electronic Filing.' That list also identifies notices of appeal among those documents that may not be filed electronically; the list indicates that it was compiled on May 6, 2014. Thus, there is ample information available to support the Fredericks' contention that ADOR should have been aware that notices of appeal could not be electronically filed.

"We are aware that some circuits have accepted electronically filed notices of appeal. However, at no time since the institution of the electronic-filing system has a notice of appeal been a document capable of being filed electronically. ADOR admits to having a copy of the 2012 rules governing electronic filing, and the electronic filing Web site warns its users that certain documents, including notices of appeal, may not be filed electronically. ADOR's notice of appeal could not be electronically filed, and, thus, its May 15, 2014, notice of appeal did not serve to perfect its appeal to this

7

court. See Rule 5(e). ADOR's notice of appeal was not actually filed in the trial-court clerk's office until May 22, 2014, more than 42 days after the denial of ADOR's Rule 55(c) motion by operation of law. Because ADOR's notice of appeal was not timely filed, we lack jurisdiction over ADOR's appeal, and the appeal must be dismissed. See Rule 2(a)(1), Ala. R. App. P.; Alabama Dep't of Indus. Relations v. Roberson, 97 So. 3d 176, 177-78 (Ala. Civ. App. 2012); Alabama Dep't of Mental Health & Mental Retardation v. Marshall, 741 So. 2d 434, 437 (Ala. Civ. App. 1999); see also Schiffman v. City of Irondale, 669 So. 2d 136, 138 (Ala. 1995) ('The time for filing a notice of appeal is jurisdictional.')."

166 So. 3d at 124-25 (footnotes omitted). In Frederick, this court discussed the interplay between the Web site located at https://efile.alacourt.gov and the AlaFile Web site located at https://alafile.alacourt.gov containing the warning to users, which we described as "the electronic filing Web site." See id. at 125. This court later construed Frederick as broadly precluding the filing of a notice of appeal "through the electronic-filing system established for the Alabama court system," i.e., the AlaFile Web site. L.C. v. Shelby Cnty. Dep't of Hum. Res., 293 So. 3d 912, 915 (Ala. Civ. App. 2019).

Furthermore, Rule 44 itself distinguishes between "the electronic-filing Web site," which is referred to in the first sentence of the rule, and the "Administrative Office of Courts' Web site," which is referred to in the third sentence of the rule. Rules promulgated by the Alabama

8

Supreme Court are to be construed similarly to legislative enactments, see C.S. v. J.B., 305 So. 3d 243, 249 (Ala. Civ. App. 2020), and, under a basic canon of statutory construction, we presume that a difference in wording within the same statute "reflects a difference in meaning." Ex parte Smiths Water & Sewer Auth., 982 So. 2d 484, 488 (Ala. 2007). If the two Web sites described in Rule 44 are the same, there would be no need for different language to describe them. Thus, the AOC Web site located at https://efile.alacourt.gov cannot be both "the electronic-filing Web site" referred to in the first sentence of the rule and the "Administrative Office of Courts' Web site" referred to in the third sentence of the rule.

We conclude that the AOC Web site located at https://efile.alacourt.gov is "the 'Administrative Office of Courts' Web site." Rule 44 specifically requires the ADC to "publish a policies and procedures manual pertaining to electronic filing to be placed on the Administrative Office of Courts' Web site." AOC created the Web site located at https://efile.alacourt.gov and published the Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System ("the electronic-filing policy manual")

9

on that Web site, see https://efile.alacourt.gov/media/1109/administrative-policies-and-procedures-8-26-2015.pdf (https://perma.cc/UDV5-UEB8) last visited on Feb. 23, 2026), and not on any other Web site, including AlaFile.

We recognize that the AOC Web site is entitled "Alabama's State Court System Electronic Filing Website," but that title does not govern whether the AOC Web site is "the 'electronic-filing Web site" referred to in the first sentence of Rule 44. The AOC Web site is only informational, and it cannot be used to electronically file a document in an Alabama court. The AOC Web site directs the user to the AlaFile Web site, which is the only mechanism for electronically filing a document in an Alabama court. Although the AOC Web site does not refer to AlaFile as a Web site, Rule 44 could not be referring to anything other than the AlaFile Web site when using the phrase "the electronic-filing Web site." Moreover, the AlaFile Web site is located at https://alafile.alacourt.gov.

The first sentence of Rule 44 requires the ADC to "publish on the electronic-filing Web site a notice listing all documents that are not available for electronic filing." In its motion, Premier attached the following screenshot of the main page of the AlaFile electronic-filing Web site:

10



That warning complies with the first sentence in Rule 44. The warning notifies the users of the AlaFile electronic-filing Web site that the ADC has determined that, among other listed documents, a notice of appeal from a judgment entered by a district court to a circuit court could not be filed through the electronic-filing system.

The dissent argues that the list of documents on the AlaFile Web site conflicts with the list of documents excluded from electronic filing contained in the electronic-filing policy manual. ___ So. 3d at ___. We

11

disagree. The electronic-filing policy manual, which we consider to be an order of the supreme court, see Seibert v. Fields, 386 So. 3d 776, 780 (Ala. Civ. App. 2023); Frederick, 166 So. 3d at 124, generally provides that "[a]ll documents ... shall be electronically filed on the [AlaFile] system except as otherwise provided by these procedures." However, the electronic-policy manual also contains the following language:

> "The following list of documents are not permitted to be filed electronically. This list of documents is also displayed on the message board after entering your AlaFile login information at http://alafile.alacourt.gov. Please refer to these lists as they are updated periodically."

The list in the electronic-filing policy manual, which indicates on its face that it was published in 2015, does not exclude a notice of appeal from a district court to a circuit court from electronic filing. However, the electronic-filing policy manual specifically directs the reader to the message board located at https://alafile.alacourt.gov, the AlaFile electronic-filing Web site, for the current list of documents that are not available for electronic filing. The electronic-filing policy manual itself recognizes that both the list in the manual and the list on the message board of the AlaFile electronic-filing Web site should be referenced when deciding whether a document may not be filed electronically. Hence, we

conclude that there is no conflict between the electronic-filing policy manual and the AlaFile electronic-filing Web site, which supplements the list in the manual.

On November 27, 2024, Premier electronically filed a notice of appeal from the district court to the circuit court. On February 10, 2025, Lumpkin filed a motion to dismiss the appeal, arguing, among other things, that the notice of appeal could not be filed electronically. In his motion to dismiss, Lumpkin argued that, based on the list published on the message board on the AlaFile Web site, Premier "either knew it could not electronically file the notice of appeal or should have known. Either way, Premier failed to follow the proper method." Premier filed a response opposing the motion to dismiss, but, in that response, Premier did not move to strike the screenshot attached to Lumpkin's motion, and it did not contest that, when it filed its notice of appeal, the AlaFile electronic-filing Web site indicated that it could not file its notice of appeal electronically. At no point in the proceedings below or in this appeal has Premier argued that the screenshot fails to accurately represent the contents of the AlaFile electronic-filing Web site as it

13

existed on November 27, 2024, when Premier filed its notice of appeal electronically.

Based on our interpretation of Rule 44, we conclude that a document may not be filed electronically if it is listed on the AlaFile electronic-filing Web site as a document unavailable for electronic filing. The undisputed evidence in the record shows that the AlaFile electronic-filing Web site prohibited the filing of a notice of appeal from district court to a circuit court when Premier filed its notice of appeal on November 27, 2024. Accordingly, Premier did not "file" a notice of appeal within the meaning of § 12-12-70(a) when it electronically transmitted the notice of appeal to the circuit-court clerk through the AlaFile electronic-filing Web site. When a party fails to properly file a notice of appeal within the time specified by our rules, the notice of appeal does not invoke the jurisdiction of the appellate court, and the appeal must be dismissed. See D.T. v. State, 1 So. 3d 74, 77 (Ala. Civ. App. 2008).

<u>Conclusion</u>

Because Premier did not properly file its notice of appeal, the circuit court did not err in dismissing the appeal for lack of appellate jurisdiction. Therefore, the circuit court's judgment is affirmed. We deny Lumpkin's motion to sanction Premier for filing a frivolous appeal under the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-272(a), and Rule 38, Ala. R. App. P. Although Premier has not prevailed on appeal, we cannot say that the appeal was without substantial justification or that the appeal was interposed for impermissible reasons.

AFFIRMED.

Edwards, Hanson, and Fridy, JJ., concur.

Bowden, J., dissents, with opinion.

CL-2025-0749

BOWDEN, Judge, dissenting.

The dispositive question in this matter is whether the notice of appeal from the judgment entered by the Mobile District Court, which Premier Choice Realty & Investments, Inc., d/b/a Premier Choice Pools ("Premier"), transmitted electronically to the Mobile Circuit Court was "filed" in accordance with an order or rules of our supreme court. Ala. R. Civ. P. 5(e) ("A pleading, motion, order, or other document filed by electronic means in accordance with an order or rules of the Supreme Court of Alabama constitutes filing with the court for the purpose of applying these rules."). Because Premier's notice of appeal was electronically filed in accordance with an order of our supreme court -- i.e., "the electronic-filing policy manual" -- I would conclude that Premier's electronic filing of its notice of appeal constituted "filing" under Rule 5(e), Ala. R. Civ. P.

1.    The electronic-filing policy manual

The document titled "Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System," referred to in our cases as "the electronic-filing policy manual," is an order of our supreme court. Seibert v. Fields, 386 So. 3d 776, 780

16

(Ala. Civ. App. 2023); <u>Alabama Dep't of Revenue v. Frederick</u>, 166 So. 3d 123, 124 (Ala. Civ. App. 2014).

In relevant part, this is what the electronic-filing policy manual says about the electronic filing of documents in our trial courts:

> "The following procedures govern electronic filing unless, due to extraordinary circumstances in a particular case, a judge determines that these policies and procedures should be modified in the interest of justice.
>
> "....
>
> "The following list of documents are not permitted to be filed electronically. This list of documents is also displayed on the message board after entering your AlaFile login information at http://alafile.alacourt.gov. <u>Please refer to these lists</u> as they are updated periodically.
>
> "[Provides a list of documents that are not permitted to be filed electronically; a notice of appeal from a district-court judgment to a circuit court is not included in that list.]
>
> "....
>
> "<u>All documents</u> including the complaint, motions, pleadings, applications, briefs, memoranda of law, deposition transcripts, transcripts of proceedings, or other documents in a case <u>shall be electronically filed on the [AlaFile] system except as otherwise provided by these procedures</u>."

(Emphasis added.)

2.   "The electronic-filing Web site" referred to in Rule 44, Ala. R. Jud. Admin.

At the time that Premier filed its notice of appeal from the district-court judgment to the circuit court in this case, Rule 44, Ala. R. Jud. Admin., provided the Administrative Director of Courts ("the ADC") "discretion to determine the types of documents that are not available for electronic filing." Rule 44 directed the ADC to "publish on the electronic-filing Web site a notice listing all documents that are not available for electronic filing." (Emphasis added.)

The main opinion holds that the website titled "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE," located at https://efile.alacourt.gov, is not "the electronic-filing Web site" referred to in Rule 44 because its title does not govern whether it is "the electronic-filing Web site." ___ So. 3d at ___.

The website titled "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE" is maintained by the Administrative Office of Courts. As the head of the Administrative Office of Courts, see Ala. Code 1975, § 12-5-8, the ADC would have directed the Administrative Office of Courts to create the website titled "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE." It seems

18

relevant that the Administrative Office of Courts, at the direction of the ADC, created a website titled "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE" because the ADC was required to publish a list of documents not available for electronic filing on "the electronic-filing Web site" under Rule 44.

Moreover, we know that, at one time, the ADC published a list of documents not available for electronic filing on "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE." Frederick, 166 So. 3d at 125 ("Another folder on the home page of [https://efile.alacourt.gov] labeled 'Administrative Procedures' contains a document entitled 'AlaFile -- Current List of Documents Not Available for Electronic Filing.'"). Rule 44 was amended effective September 1, 2025, in part, to abrogate the requirement that the ADC publish that list on "the electronic-filing Web site." The fact that the ADC no longer publishes that list on "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE" after Rule 44 was amended tends to support the conclusion that the ADC considered the website titled "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE" to be "the electronic-filing Web site" referred to in Rule 44.

19

In contrast, I find less support for the main opinion's conclusion that the AlaFile system, located at https://alafile.alacourt.gov and also managed by the Administrative Office of Courts, is "the electronic-filing Web site" contemplated by Rule 44. "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE" refers to the AlaFile system as "a web-based application designed to allow registered users the ability to file and receive service copies of court documents electronically." (Emphasis added.) The electronic-filing policy manual, authored by the ADC, defines "the system" as "the electronic-filing application and repository commonly referred to as 'AlaFile.'" (Emphasis added.)

The main opinion relies heavily on this court's opinion in Frederick to conclude that our caselaw indicates that "the electronic-filing Web site" refers to the AlaFile system rather than "ALABAMA'S STATE COURT SYSTEM ELECTRONIC FILING WEBSITE." However, this court did not cite or discuss Rule 44 in that case. Therefore, the conclusion that, based on this court's discussion in Frederick, the AlaFile system can be understood to be "the electronic-filing Web site" referred to in Rule 44 is dictum. See Gray v. Reynolds, 553 So. 2d 79, 81 (Ala. 1989) ("While we

20

are bound to carry out the holding as to the precise question before the Court ..., we are not necessarily bound to carry out literally the dicta pertaining to questions that were not then presented.").

3.   The AlaFile-system message board conflicts with the electronic-filing policy manual

In the matter below, Arthur Lumpkin argued that Premier knew or should have known that it could not electronically file a notice of appeal from a district-court judgment to the circuit court based on an undated screenshot of the message board displayed on the AlaFile system. The undated screenshot of the message board warns users not to file certain types of documents electronically or "risk your Legal Action being ruled against procedurally." The warning lists "Notice of Appeal from District to Circuit Court" among the documents not to be electronically filed. As noted by the main opinion, Premier did not contest the validity of the undated screenshot of the AlaFile-system message board in the circuit court or on appeal. ___ So. 3d at ___. However, if the screenshot accurately represents the warning that was displayed on the AlaFile-system message board when Premier filed its notice of appeal, then there is a conflict between the AlaFile-system message board and the

21

electronic-filing policy manual regarding whether a notice of appeal from a district-court judgment to the circuit court can be filed electronically.

The main opinion concedes that the electronic-filing policy manual does not prohibit the electronic filing of a notice of appeal from a district-court judgment. However, the main opinion contends that there is no conflict between electronic-filing policy manual and the warning on the AlaFile-system message board regarding whether a notice of appeal from a district-court judgment can be filed electronically because "the electronic-filing policy manual specifically directs the reader to the [AlaFile-system] message board ... for the current list of documents that are not available for electronic filing." ___ So. 3d at ___. As noted above, the electronic-filing policy manual specifically directs the reader to refer to <u>both</u> the manual and the AlaFile-system message board regarding which documents are not permitted to be electronically filed. The main opinion appears to acknowledge that fact in the very next sentence when it states that "[t]he electronic-filing policy manual itself recognizes that <u>both</u> the list in the [electronic-filing policy] manual and the list on [the AlaFile-system message board] <u>should be referenced</u> when deciding

22

whether a document may not be filed electronically." ___ So. 3d at ___ (emphasis added).

The electronic-filing policy manual does not prohibit the electronic filing of a notice of appeal from a district-court judgment; the AlaFile-system message board warns users not to electronically file a notice of appeal from a district-court judgment. Therefore, I disagree with the main opinion's conclusion that there is no conflict between the electronic-filing policy manual and the warning on the AlaFile-system message board regarding whether a notice of appeal from a district-court judgment can be filed electronically.

4.   Resolving the conflict

As I have stated, the dispositive question in this case is whether Premier's notice of appeal from the district-court judgment to the circuit court was filed "in accordance with an order or rules of [our supreme court]." Ala. R. Civ. P. 5(e). Therefore, any conflict or ambiguity regarding whether Premier's notice of appeal in this case was filed in accordance with an order of our supreme court must be resolved "to secure the just, speedy, and inexpensive determination of [this] action." Ala. R. Civ. P. 1(c); cf. Ex parte Sorsby, 12 So. 3d 139 (Ala. 2007) (noting that Rule 1.2,

23

Ala. R. Crim. P., which expresses that our rules of criminal procedure are intended to provide for the just and speedy determination of every criminal proceeding, "'sets forth a principle of interpretation to be used in construing ambiguous rules ....'" (quoting <u>Carlisle v. United States</u>, 517 U.S. 416, 424 (1996))).

In my view, it is unjust to dismiss Premier's appeal as having been improperly filed. The electronic-filing policy manual requires that all documents be electronically filed except as otherwise provided therein, and it lists the types of documents that are not permitted to be filed electronically. The electronic-filing policy manual instructs users to refer to that list and the list posted on the AlaFile-system message board regarding which documents may not be filed electronically. Nothing in the electronic-filing policy manual or Rule 44 suggests that an undated warning posted on the AlaFile-system message board overrides the policies and procedures regarding the electronic filing of documents contained in the electronic-filing policy manual.

<u>Conclusion</u>

Because Premier's notice of appeal was electronically filed in accordance with an order of our supreme court -- i.e., the electronic-filing

policy manual -- I would conclude that Premier's electronic filing of its notice of appeal constituted "filing" under Rule 5(e), Ala. R. Civ. P.

Therefore, I respectfully dissent.